UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MARIA MEZA HERRERA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 1:25-cv-00793-JLT-CDB<br><br>ORDER ON STIPULATION TO EXTEND *NUNC PRO TUNC* TIME TO FILE DISPOSITIONAL DOCUMENTS<br><br>(Doc. 9)<br><br>**December 1, 2025 Deadline** |

On January 6, 2025, Plaintiffs Rosa Maria Meza Herrera and Fernando Herrera ("Plaintiffs") initiated this action with the filing of a complaint in state court against Defendant Nissan North America, Inc. ("Defendant"). (Doc. 1 at 13-21). On June 30, 2025, Defendant removed the action to this Court. *See* (Doc. 1). On September 29, 2025, the parties filed a joint notice of settlement. (Doc. 6). Thereafter, the Court ordered the parties to file dispositional documents by October 31, 2025. (Doc. 8). Pending before the Court is the parties' joint stipulated request to extend *nunc pro tunc* the time to file dispositional documents, filed on the day of the current deadline. (Doc. 9).

The parties represent that "the terms of the conditional settlement have not yet been fully completed," as they are "currently coordinating surrender of the subject vehicle" and Plaintiff is "in the process of gathering the necessary paperwork," with Defendant to "issue the settlement funds within three (3) days following the surrender of the subject vehicle." *Id.* at 2.

In the Eastern District of California, "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Local Rule 144(d). While the Court finds good cause to grant a partial extension, here, it should have become apparent to the parties that they required an extension of time before the October 31, 2025, filing deadline. The Court disfavors granting relief *nunc pro tunc* and admonishes the parties to exercise better care and to adhere to this Court's Local Rules in all future filings.

Because the Court does not deem a failure to perform under a private settlement agreement to constitute good cause to delay disposing of a settled case, no further extensions of the filing deadline will be granted absent a showing of extraordinary circumstances unrelated to the parties' performance.

**Conclusion and Order**

For partial good cause shown, the parties' request for an extension of the dismissal deadline (Doc. 9) is GRANTED as modified. The time within which the parties shall file dispositional documents is extended *nunc pro tunc* to December 1, 2025. No further extensions of the filing deadline will be granted absent a showing of extraordinary circumstances unrelated to the parties' performance

Failure to timely comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **November 3, 2025**

UNITED STATES MAGISTRATE JUDGE